**Richard GILLESPIE, Petitioner,**

v.

**DEPARTMENT OF DEFENSE,**
**Respondent.**

No. 03–3293.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 5, 2004.

Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

This is an appeal from the decision of the Merit Systems Protection Board, Docket No. BN–0752–99–0028–B–1, 95 M.S.P.R. 294, 2003 WL 22247706, denying petitioner Richard Gillespie's claim for back pay for a period during which he was suspended from his job and was not al-

lowed to perform his duties because of the suspension of his security clearance. We *affirm.*

## BACKGROUND

In 1998, Mr. Gillespie was employed as an auditor with the Department of Defense's Defense Contract Audit Agency in Needham, Massachusetts. On May 8, 1998, he was charged in state court with assault and battery and intimidating a witness. He was arrested and taken into custody on August 10, 1998. Shortly thereafter, a Department of Defense security officer issued a memorandum dated August 14, 1998, informing Mr. Gillespie that he was being suspended from his position as a result of his arrest. The memorandum further advised Mr. Gillespie that he would be denied access to classified information and would be deemed ineligible to occupy a sensitive position pending final adjudication of his eligibility for assignment to sensitive duties. Mr. Gillespie denies having received the August 14, 1998, memorandum.

On August 21, 1998, Mr. Gillespie's supervisor issued a written notice that proposed to suspend Mr. Gillespie from duty and pay in light of the suspension of his security clearance, pending final adjudication of his eligibility. The supervisor's notice explained that the reasons for the suspension were detailed in the earlier memorandum from the security officer, a copy of which was attached. The supervisor's notice was sent by certified mail to Mr. Gillespie at the Plymouth House of Correction and was signed for by an agent of that facility on August 28, 1998. Mr. Gillespie denies receiving that notice as well.

Mr. Gillespie was convicted on September 2, 1998. He was sent a notice of removal from his position on September 11, 1998, and was removed effective October ber 9, 1998. In November 1998, he filed an appeal from his removal with the Merit Systems Protection Board. That appeal was dismissed without prejudice subject to being refiled after the final disposition of his criminal case.

Mr. Gillespie's conviction was vacated on July 20, 2000, and he was granted a new trial. Subsequently, on September 11, 2000, he refiled his appeal, seeking full restoration to his position with back pay. The employing agency provided much of the relief Mr. Gillespie sought, except for restoration of his security clearance and back pay from June 16, 1999, until July 20, 2000, the period of time during which he was out of prison and contends that he was willing and able to perform his duties. With respect to the agency's suspension of Mr. Gillespie's security clearance, the administrative judge declined Mr. Gillespie's request to review the merits of the agency's action, based on the Board's lack of authority to review the merits of an agency's suspension of an employee's security clearance. With respect to the back pay issue, the agency argued that Mr. Gillespie was not "able" to work during the period in dispute because his security clearance had been suspended throughout that period and because his position required that he maintain eligibility to have access to classified information. Mr. Gillespie responded that his security clearance had been suspended without constitutionally required due process protections and that as a result he should be awarded back pay for the period in dispute.

Before the administrative judge, Mr. Gillespie argued that the agency had provided no proof that the August 14, 1998, notice was ever sent to or received by Mr. Gillespie. With respect to the August 21, 1998, notice, to which a copy of the August 14 notice was appended, he argued that the agency had "issued [that notice] to the

Appellant," but that the agency had cancelled its proposal to suspend his security clearance when, on September 11, 1998, the agency proposed his removal. That action, according to Mr. Gillespie, prevented him from responding to the agency's suspension of his access to classified information.

The administrative judge rejected Mr. Gillespie's due process claim. Although noting that Mr. Gillespie asserted that he did not recall receiving the August 14, 1998, notice of the suspension of his security clearance, the administrative judge pointed out that Mr. Gillespie did not assert that he had not received the August 21, 1998, notice, which contained a copy of the August 14 notice; instead, the administrative judge explained, Mr. Gillespie stated that the August 21 notice had been "issued to" him. Because Mr. Gillespie did not assert that he did not receive the August 21 notice in a timely fashion, the administrative judge concluded that Mr. Gillespie had at least 10 days to respond to the reasons given by the agency for suspending his security clearance. Thus, the administrative judge concluded that the agency had afforded Mr. Gillespie his due process rights in connection with the suspension of his security clearance and that Mr. Gillespie was not entitled to any back pay relief on that account.

## DISCUSSION

Mr. Gillespie renews his claim that he was denied due process in connection with the suspension of his security clearance and that as a result he is entitled to back pay during the period between his release from prison and the order vacating his conviction. Before this court, he contends that he did not receive either the August 14 notice or the August 21 notice and that the agency did not follow its own regulations regarding service of notice of those

actions, which required that notice be effected either in person or by registered mail (rather than certified mail).

Although Mr. Gillespie argues in this court that he never received the August 21 notice, he did not make that argument before the administrative judge. In fact, before the administrative judge he stated that the August 21 notice was "issued to" him. While he contends that the statement that the August 21 notice was "issued to" him constituted a misstatement by his representative, he did not assert that he failed to receive the August 21 notice. Thus, he makes that argument for the first time in this court. Not having made that argument in the proceedings before the Merit Systems Protection Board, he has waived it, for arguments not made before the Board may not be made for the first time in this court on review of Board decisions. *See White v. Dep't of Justice*, 328 F.3d 1361, 1372 (Fed. Cir.2003); *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed.Cir.1998). Moreover, although Mr. Gillespie contends that he was denied an opportunity to respond to the suspension of his security clearance, substantial evidence supports the administrative judge's conclusion that he had sufficient time following that date of his presumed receipt of the August 21, 1998, notice to respond to the proposed action. We therefore uphold the administrative judge's determination that Mr. Gillespie has not shown that his due process rights were violated in connection with the suspension of his security clearance, and that he is not entitled to any additional relief on that account.